

**Signed and Filed: September 01, 2006**

_____
 **DENNIS MONTALI
 U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

```
In re                               ) Bankruptcy Case
                                    ) No. 00-31332DM
PATRICIA McCOLM,                    )
                                    )
                         Debtor.    ) Chapter 7
_____)
LINDA EKSTROM STANLEY,              ) Adversary Proceeding
                                    ) No. 01-3005DM
                        Plaintiff,  )
                                    )
v.                                  )
                                    )
PATRICIA McCOLM,                    )
                                    )
                        Defendant.  )
_____)
```

MEMORANDUM DECISION RE DENIAL OF DISCHARGE

On August 9, 2006, this court entered an order to show cause why judgment should not be entered in this adversary proceeding,[1] directing Patricia Alice McColm ("Debtor") to file and serve any opposition to entry of judgment no later than August 30, 2006. Debtor filed an untimely opposition on August 31, 2006. Notwithstanding the tardiness of Debtor's opposition, the court has considered the merits of the opposition and concludes that

---

[1] Although the caption on the order contained the correct adversary proceeding number, it incorrectly identified Debtor's main case number as 03-31332 instead of 00-31332. This typographical error is of no substantive significance and was thus harmless.

-1-

Debtor has offered no sustainable legal or factual defense against entry of judgment.

First, despite Debtor's contentions to the contrary, the complaint of the plaintiff was timely filed. See Fed. R. Bankr. P. 1019(2) and 4004(a). Debtor simply ignores Rule 1019(2), which sets a new deadline for filing objections to discharge upon conversion of a case to Chapter 7. Debtor also asserts that Rule 4004(a) required service of the complaint on all creditors. Debtor is incorrect; Rule 4004 requires that notice of the deadline for filing complaints, and not the complaint itself, be served on all creditors.

Debtor also contends that the plaintiff did not serve the complaint on her. The record reflects, however, that the complaint was attached to the summons which was served on Debtor on her then address of record on January 11, 2001. See Exhibit A to the Declaration of Stephen L. Johnson in Support of Request For Clerk's Default, filed on February 12, 2001.[2]

Debtor argues that entry of judgment is inappropriate because this court purportedly erred in converting her case and in denying certain exemptions. These rulings have no relevance, legally or factually, to the merits of this adversary proceeding. Moreover, they are the subject of separate final orders which were appealed by Debtor.

Finally, Debtor argues that this court should not enter the

---

[2] Incidentally, Debtor has known about this case since at least April, 2001, when she prematurely filed a notice of appeal of the clerk's entry of default, yet she has not filed any answer or motion to strike the complaint, even after the appeal was dismissed as interlocutory and the matter remanded to this court on June 23, 2005.

-2-

Case: 00-31332   Doc# 310   Filed: 09/01/06   Entered: 09/05/06 08:29:46   Page 2 of 4

judgment because it should recuse itself from all matters pertaining to her.  For the reasons previously stated in response to this argument made on repeated occasions by Debtor, no grounds exist for recusal.

    The record reflects that Debtor filed her current bankruptcy case (Case No. 00-31332) less than six years after filing a prior case (Case No. 98-34290) in which she received a discharge. Accordingly, as a matter of law and fact, Debtor is not entitled to a discharge in her current case pursuant to 11 U.S.C. § 727(a)(8).  Therefore, this court will overrule Debtor's objections and enter a judgment denying her discharge.

                    **END OF MEMORANDUM DECISION**

| | |
|---|---|
| 1 | COURT SERVICE LIST |
| 2 | Patricia Alice McColm |
|   | P.O. Box 27274 |
| 3 | San Francisco, CA 94127 |
| 4 | Linda Ekstrom Stanley |
|   | Office of the United States Trustee |
| 5 | 235 Pine St., Ste. 700 |
|   | San Francisco, CA 94104 |
| 6 | |
|   | Brian A. Holt |
| 7 | One Nob Hill Circle |
|   | San Francisco, CA 94108 |
| 8 | |
|   | Reidun Stromsheim, Esq. |
| 9 | Law Offices of Reidun Stromsheim |
|   | 353 Sacramento St., Ste. 860 |
| 10 | San Francisco, CA 94111 |